UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE CONMY, et al,

       Plaintiffs,                              Case No. 4:04-CV-105

v                                               Hon. Gordon J. Quist

AMTRAK, et al,

       Defendants.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On July 18, 2005, this court entered an order allowing the completion of the deposition of Dewayne C. Keaton, the taking of the depositions of other persons previously noticed by plaintiff, and requiring the videotaping of all further depositions. Order of July 18, 2005.

Defendant has now filed a motion for reconsideration, contending that the court was misled by representations of plaintiffs' counsel. Essentially, defendant claims plaintiffs failed to advise the court and defendant that they had filed a complaint in the Michigan Court of Claims against the Michigan Department of Corrections (MDOT) on June 16, 2005 alleging that MDOT was negligent in failing to issue an order for the erection of a sign at the site of the accident. Defendant characterizes this as a dispositive admission by plaintiffs that MDOT never issued such an order, which in turn undermines plaintiffs' claim in the present federal action that Amtrak failed to maintain the sign. Defendant points out that under Michigan law, negligence in failing to maintain a railroad crossing does not give rise to a cause of action unless the sign was ordered by a public

1

authority. MCL 257.668(2). In the absence of any duty by Amtrak to maintain the sign, Amtrak argues that the depositions the court previously ordered pertaining to this issue are unnecessary.[1]

Defendant offers no authority for its proposition that plaintiffs' claim in a complaint in one case is a "dispositive admission" such as to bar a contradictory premise in a different case. Plaintiffs correctly point out that both the Michigan and the federal rules of civil procedure specifically permit alternative and inconsistent claims. *See,* MCR 2.111(A)(2)(b); Fed.R.Civ.Proc. 8(e)(2). If this is so in a single action, then it must be equally so in separate ones.

Defendant's Motion for Reconsideration (docket no. 172) is DENIED.

IT IS SO ORDERED.


Dated: August 25, 2005                     /s/ Hugh W. Brenneman, Jr.
                                           Hugh W. Brenneman, Jr.
                                           United States Magistrate Judge

---

[1] Plaintiffs' claim in the Michigan court clearly states that it is premised on Amtrak's position in this court being correct.